UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NOS. 5:21-cr-00154
    5:22-cr-00002

LA PERCY DEMOND ALLEN

## MEMORANDUM OPINION AND ORDER

Pending is the Government's objection to the Presentence Investigation Report ("PSR"). For the foregoing reasons, the Court **SUSTAINS** the Government's objection and **FINDS** Mr. Allen qualifies as a career offender under United States Sentencing Guidelines § 4B1.1.[1]

I.

On January 21, 2022, Mr. Allen pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Count Two of the Indictment and distribution of a quantity of fentanyl in violation of 21 U.S.C. § 841(a)(1), as charged in the single-count Information. Paragraph 11 of the Plea Agreement contains an

---

[1] On June 6, 28, 2022, before Mr. Allen was appointed new counsel, the Court ordered briefing on whether Mr. Allen's instant offense under 21 U.S.C. § 841(a)(1) qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b). [*See* ECF 56]. That question has since been answered in the affirmative by our Court of Appeals in *United States v. Groves*, 65 F.4th 166 (4th Cir. 2023). Nonetheless, the issue remains whether Mr. Allen's previous 2009 and 2013 drug trafficking convictions under Ohio Rev. Code § 2925.03(A)(2) constitute predicate controlled substance offenses under the Guidelines, especially given the Judgment entry respecting Mr. Allen's 2013 conviction mistakenly states Mr. Allen was convicted of Ohio Rev. Code § 2925.03(A)(1) as opposed to § (A)(2). The Court also requested briefing on this issue, which the parties submitted. [*See* ECF Nos. 59-61]. These issues are now ripe for adjudication.

"Agreement on Sentencing Guidelines" provision wherein the parties agree to an adjusted offense level -- before acceptance of responsibility -- of 32 for the § 841(a)(1) distribution offense and an adjusted offense level -- before acceptance of responsibility -- of 28 for the §§ 922(g)(1) and 924(a)(2) offense.

On August 17, 2023, after numerous continuances in this matter, the United States Probation Office prepared a final, revised PSR. Probation calculated Mr. Allen's adjusted offense level -- before acceptance -- as 26 for the § 841(a)(1) distribution offense and 18 for the §§ 922(g)(1) and 924(a)(2) offense. The PSR notes Probation considered a § 4B1.1 career offender enhancement based on Mr. Allen's 2009 state court felony conviction for Trafficking in Crack Cocaine in violation of Ohio Rev. Code §§ 2925.03(A)(2) and (C)(4)(f) and his 2013 state court felony conviction for Trafficking in Drugs/Heroin in violation of Ohio Rev. Code §§ 2925.03(A)(2) and (C)(6)(e). [PSR at 10, n.5]; *see also* [ECF Nos. 96-1 (2009 Indictment & Judgment), 96-2 (2013 Indictment & Judgment)].

As noted in footnote one above, there appears to be a clerical error in the Ohio Court of Common Pleas' Judgment pertaining to Mr. Allen's 2013 drug trafficking conviction. While Count One of the 2013 Indictment unambiguously charged Mr. Allen with a violation of Ohio Rev. Code §§ 2925.03(A)(2) and (C)(6)(e) and quoted the language of § 2925.03(A)(2) therein,[2] the Court's Judgment incorrectly listed the charge in Count One, to which Mr. Allen pled

---

[2] Count I of the 2013 Indictment reads as follows:

Count 1: THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about 26th day of December 2012, at Scioto County, Ohio, LaPercy D. Allen did:

Knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute, a compound; mixture; preparation; or substance containing a

2

guilty, as a violation of Ohio Rev. Code § 2925.03(A)(1). [*See* ECF 96-2]. There is no indication from either party that Mr. Allen pled to a superseding indictment that might have amended the charged offense. Indeed, the United States provided the Court with a video recording of Mr. Allen's 2013 combined plea and sentencing hearing, in which the presiding judge refers to the charge and conviction throughout as "Count One: Trafficking In Heroin."[3] [*See* ECF 61-1].

The video demonstrates Mr. Allen's guilty plea and the Court's oral pronouncement of his sentence were to Count One of the 2013 Indictment, which, again, unambiguously charges him with a violation of Ohio Rev. Code §§ 2925.03(A)(2) and (C)(6)(e), not § 2925.03(A)(1). The video also demonstrates Mr. Allen had been advised by both his counsel and the Court of the Indictment and the charges contained therein, inasmuch as he informed the presiding judge he had no questions respecting the Indictment and the charges[4] to which he was pleading guilty and waived a reading of the same during the hearing. [*See* ECF 60-1].

---

controlled substance, the drug involved being heroin, in an amount more than ten grams and less than fifty grams, knowing or having reasonable cause to believe that the drug was intended for sale or resale,

In violation of the Ohio Revised Code, Title: TRAFFICKING IN DRUGS/HEROIN, Section: R.C.2925.03(A)(2) & (C)(6)(e), a felony of the second degree, and against the peace and dignity of the State of Ohio.

[ECF 96-2 at 1]. Ohio Rev. Code § 2925.03(A)(2) makes it unlawful for an individual to knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person." Count One of the Indictment thus clearly tracks the language of Ohio Rev. Code § 2925.03(A)(2). Notably, of the six counts charged in the Indictment, none of the Counts are for a violation of Ohio Rev. Code § 2925.03(A)(1).

[3] The Court references the statutory provision applicable to Count One in the video on the lone occasion it refers to the same as "a violation of 2925.03." [*See* ECF 60-1].

3

By analogy, "[a]lthough a court speaks through its judgments and orders . . . in criminal cases the general rule is that the oral pronouncement of the sentence governs." *United States v. Duncan*, 38 Fed. App'x 128, 129 (4th Cir. 2002) (citing *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962)); *see also United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (explaining "because a defendant 'is present at the announcement of the sentence, but not when the judgment is later entered . . . it follows that if a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls."). Additionally, Mr. Allen does not appear to dispute his 2013 conviction was in violation of Ohio Rev. Code §§ 2925.03(A)(2) and (C)(6)(e), inasmuch as he so stipulated in the Stipulation of Facts attached as Exhibit B to his Plea Agreement. [*See* ECF 44 at 12-13].[5] Despite the clerical error in the 2013 Judgment, the Court concludes the record evidence demonstrates Mr. Allen pled guilty to and was convicted of Count One of the 2013 Indictment, which unambiguously charges him with a violation of §§ 2925.03(A)(2) and (C)(6)(e), as opposed to a violation of § 2925.03(A)(1).

Despite the Probation Officer's consideration of a U.S.S.G. § 4B1.1 career offender enhancement based on Mr. Allen's previous 2009 and 2013 Ohio drug trafficking convictions under Ohio Rev. Code § 2925.03(A)(2), in light of our Court of Appeal's decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), it was ultimately concluded such convictions do not constitute "controlled substance offenses" under § 4B1.2(b); thus the career offender enhancement was not recommended. Ohio Rev. Code § 2925.03 pertinently provides as follows:

(A) No person shall knowingly do any of the following:

---

[4] Mr. Allen also pled guilty to Count Five of the Indictment, which charged him with tampering with evidence. [*See* ECF 96-2 at 3].

[5] Mr. Allen also did not contest he was convicted of a violation of Ohio Rev. Code § 2925.03(A)(2). [*See* ECF 60 at 4 (stating "[i]n 2013, the Defendant faced a heroin trafficking charge in violation of Ohio Statute R.C. Sec. 2925.03(A)(2).)]

4

>(1) Sell or offer to sell a controlled substance or a controlled substance analog [*sic*];
>
>(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

Ohio Rev. Code § 2925.03(A)(1)-(2). In declining to apply the career offender enhancement, the Probation Officer explained Ohio Rev. Code § 2925.03(A)(1) punishes the sale "or offer to sell a controlled substance" and § 2925.03(A)(2) punishes "merely preparing to ship or distribute a controlled substance," then "the least culpable conduct penalized by the statute is [an] 'offer to sell' a controlled substance or [the] mere[] 'prepar[ation]' to distribute a controlled substance." [PSR Addendum at 34]. Probation thus concluded "the Ohio statute does not appear to meet the Guideline definition [of a controlled substance offense] under the *Campbell* rationale." [*Id.*]. Probation thus concluded that insofar as *Campbell* excludes attempt offenses from the Guideline definition of a controlled substance offense, it follows the Ohio statute criminalizing the mere offer to sell or the mere preparation to distribute likewise fails to meet the controlled substance offense definition under the Guidelines. [*Id.*].

Conversely, the Government maintains *Campbell* does not preclude Mr. Allen's prior Ohio drug trafficking convictions under Ohio Rev. Code § 2925.03(A)(2) from serving as predicate controlled substance offenses for purposes of the career offender enhancement.[6] Specifically, the Government contends Ohio Rev. Code § 2925.03(A)(2) falls outside the scope of

---

[6] While Mr. Allen submitted no objections to the PSR, in his sentencing memorandum he states he "stands by the [G]uideline calculation contained in the [P]lea [A]greement," which accounts for the career offender enhancement but contends such calculation "is far greater than necessary to accomplish the goals of sentencing." [ECF 97 at 1]. It appears Mr. Allen does not dispute he qualifies as a career offender but is ultimately moving for a variant sentence.

5

*Campbell's* holding inasmuch as § (A)(2), unlike § (A)(1), does not address attempts. *See United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (holding "attempt crimes do not qualify as controlled substance offenses"); *compare United States v. Alston*, 976 F.3d 727, 728 (6th Cir. 2020) (acknowledging [Ohio Rev. Code § 2925.03(A)(1)]'s "offer to sell" statute no longer qualifies as a controlled substance offense); *with United States v. Smith*, 960 F.3d 883, 891 (6th Cir. 2020) (holding "[Ohio Rev. Code] § 2925.03(A)(2) is a predicate 'controlled substance offense' for purposes of [U.S.S.G.] § 4B1.2(b)"); *see also United States v. Cavazos*, 950 F.3d 329, 336 (6th Cir. 2020) (holding "statutes that criminalize offers to sell controlled substances are too broad to categorically qualify as predicate controlled substance offenses" inasmuch as "an offer to sell is properly considered an attempt to transfer a controlled substance."); *United States v. McIntosh*, 858 Fed. App'x 884, 887 (6th Cir. 2021) (holding a defendant's violation of [Ohio Rev. Code] § 2925.03(A)(2) "constitutes a predicate controlled substance offense.").

The Court agrees with the Government's assessment. First, while the Probation Officer is correct the least culpable conduct criminalized by § 2925.03(A)(1) is the mere offer to sell a controlled substance, which is akin to an attempt offense and is thus "too broad to categorically qualify as [a] predicate 'controlled substance offense[]'" under both *Campbell* and *Harvis*, neither of Mr. Allen's previous convictions fall under § 2925.03(A)(1). Instead, Mr. Allen was convicted of drug trafficking in 2009 and 2013 under § 2925.03(A)(2), which is a separate and distinct offense from § 2925.03(A)(1).

Second, while the Probation Officer contends the mere preparation for shipment or distribution of a controlled substance criminalized by § 2925.03(A)(2) is akin to an attempt or some lesser form thereof, the Sixth Circuit explicitly rejected this position in *Smith*, 960 F.3d at 889-92 following its decision in *Harvis*, which, like *Campbell*, held "attempt crimes do not qualify

6

as controlled substance offenses." 927 F.3d at 387. Indeed, employing the categorical approach to determine whether § 2925.03(A)(2) offenses fall within the contours of the Guideline's definition of a controlled substance offense, the Sixth Circuit explained "[i]n the context of § 2925.03(A)(2), 'to prepare for shipment' or to 'prepare for distribution' means the defendant was in the process of distributing drugs, for example, having packed drugs in baggies to be sold." *Smith*, 960 F.3d at 891 (quoting Ohio Rev. Code § 2925.03(A)(2)).

In other words, while "§ 2925.03(A)(2) does prohibit 'prepar[ing] for distribution' and 'preparing for shipment,' in addition to the shipment, transport, delivery, or distribution of controlled substances," the Sixth Circuit emphasized it has "not read the term 'prepare' in § 2925.03(A)(2) to mean an incomplete attempt." *Id.* at 892. Rather, "'prepar[ing] for shipment, ship[ping], [or] transport[ing]' a controlled substance 'intended for sale or resale' is, at the very least, 'no less than possession of a controlled substance with intent to distribute it.'" *Id.* (quoting *United States v. Wright*, 43 F. App'x 848, 853 (6th Cir. 2002)); *see also id.* (further explaining "[i]n all situations prohibited by § 2925.03(A)(2), the offender knowingly possesses a drug with the intent to distribute it."). The Sixth Circuit thus held inasmuch as possession with intent to distribute offenses "fall[] safely within the confines of § 4B1.2(b), which defines a 'controlled substance offense' as, among other things, 'possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense[,]'" § 2925.03(A)(2) convictions constitute controlled substance offenses under the Guidelines. *Id.* at 889; *see also McIntosh*, 858 Fed. App'x at 887 (holding a § 2925.03(A)(2) conviction "constitutes a predicate controlled substance offense.").

Based upon the foregoing discussion, the Court concludes Mr. Allen qualifies as a career offender under U.S.S.G. § 4B1.1 inasmuch as Mr. Allen (1) was at least eighteen years old

at the time he committed the instant offense; (2) his instant 21 U.S.C. § 841(a)(1) distribution offense constitutes a controlled substance offense; and (3) his 2009 and 2013 felony convictions for drug trafficking in violation of Ohio Rev. Code § 2925.03(A)(2) qualify as predicate controlled substances offenses.

## II.

Accordingly, the Court **SUSTAINS** the Government's objection and **DIRECTS** the United States Probation Office to file an amended PSR in accord with this decision. Mr. Allen's sentencing currently scheduled for September 22, 2023, is **CONTINUED** to **November 3, 2023, at 10:30 a.m. in Beckley** to afford the Probation Officer the time necessary to accomplish the necessary modifications.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 19, 2023



Frank W. Volk
United States District Judge